UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| WILLIAM PIERCE, | * | CIVIL ACTION NO. |
| | * | |
| Plaintiff, | * | JUDGE: |
| | * | |
| VERSUS | * | MAGISTRATE JUDGE: |
| | * | |
| SHERIFF LOUIS M. ACKAL, CAPTAIN RYAN | * | |
| TURNER, AND CAPTAIN RICKEY J. | * | |
| BOUDREAUX, in their official capacities with | * | |
| the Iberia Parish Sheriff's Office, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

Plaintiff William Pierce ("Pierce") brings this lawsuit alleging unlawful employment discrimination by officials of the Iberia Parish Sheriff's Office ("IPSO") when the officials rescinded a job offer to Pierce to become an IPSO deputy sheriff because he is a person living with the human immunodeficiency virus ("HIV"). Specifically, Pierce files this complaint against Louis M. Ackal, in his official capacity as Sheriff of Iberia Parish ("Sheriff Ackal"); Ryan Turner, in his official capacity as a Captain and the Human Resources Director with the Iberia Parish Sheriff's Office ("Captain Turner"); and Rickey J. Boudreaux, as to actions he took in his former official capacity as a Captain with the Iberia Parish Sheriff's Office ("Captain Boudreaux", and collectively with Sheriff Ackal and Captain Turner, "Defendants") seeking appropriate relief and compensation for harms resulting from Defendants'

unlawful employment practices under Title I of the Americans with Disabilities Act ("ADA").

JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of Pierce's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1392(b)(1) and (2), because Defendants reside in this judicial district and division, and a substantial part of the events giving rise to Pierce's claims occurred in this judicial district and division.

PARTIES

3. Pierce is a resident and domiciliary of Plaquemines Parish, Louisiana. Pierce is a person living with HIV and is protected from unlawful discrimination based on his HIV-positive status by the ADA.

4. Sheriff Ackal is the decision maker and governing authority for the Iberia Parish Sheriff's Office ("IPSO"). On information and belief, Sheriff Ackal is a resident and domiciliary of Iberia Parish, Louisiana. He can be served at IPSO, which is located at 300 Iberia Street, Suite 120, New Iberia, Louisiana 70560.

5. On information and belief, Captain Turner is a resident and domiciliary of Iberia Parish, Louisiana. He can be served at IPSO, which is located at 300 Iberia Street, Suite 120, New Iberia, Louisiana 70560.

6. On information and belief, Captain Boudreaux is a resident and domiciliary of Lafayette Parish, Louisiana. He can be served at the Youngsville Police Department, which is located at 304 Fourth Street, Youngsville, Louisiana 70592. At

all times relevant to this action, Captain Boudreaux was employed as a Captain with IPSO.

7. At all times relevant to this action, IPSO has continuously had at least fifteen (15) employees, thereby qualifying IPSO as a "covered entity" under Section 101(2) and (5) of the ADA. 42 U.S.C. § 12111(2), (5).

## DEFENDANTS' UNLAWFUL EMPLOYMENT PRACTICE

8. Pierce has long been devoted to a life of public service in health and public safety. For more than a decade while living in Ohio, he served in various jobs, including Paramedic, EMS Instructor, National Disaster Life Support Training Center Coordinator, and HIV/STD Educator.

9. In 2005, moved by the tragedy of Hurricane Katrina, Pierce came to Louisiana to volunteer his assistance to the hurricane relief efforts. He developed warm relationships with and affection for the people of Louisiana and ultimately relocated and became a resident.

10. After the Katrina relief efforts diminished, Pierce spent a short time as Offshore Paramedic/Medical and Safety Officer for a private company. Thereafter, he began his career as a full-time police officer in 2008—first with Arnaudville Police Department and later Abbeville Police Department.

11. On February 20, 2012, Pierce applied for the position of Sheriff's Deputy with IPSO. On March 27, 2012, Pierce participated in an in-person job interview with members of IPSO.

12. On March 29, 2012, Captain Boudreaux informed Pierce that Pierce was going to be hired as Sheriff's Deputy, subject to a medical examination.

13. Pierce went to Teche Occupational Medical Clinic for the required medical examination. On April 16, 2012, a physician signed and dated Pierce's medical examination results and forwarded them to IPSO. In the results, the examiner noted Pierce's status as a person with HIV, but otherwise indicated "no significant abnormalities or medical findings," with all physical findings "within normal limits."

14. Despite having passed the physical examination, Pierce received a letter dated April 18, 2012, signed by Captain Turner, Human Resources Director at IPSO, stating that Pierce would not be hired as Sheriff's Deputy.

15. Defendants decided to rescind Pierce's employment offer based on Pierce's status as a person living with HIV.

16. Defendants' conduct in rescinding Pierce's employment offer with IPSO based on Pierce's status as a person living with HIV is a violation of Pierce's rights under the ADA.

17. Pierce's HIV is a physical impairment that substantially limits one or more of his major life activities, such that he is a person with a disability as defined under the ADA.

18. Pierce has a record of physical impairment (his HIV) that substantially limits one or more of his major life activities, such that he is a person with a disability as defined under the ADA.

19. Pierce was, and is, fully qualified to serve as a Sheriff's Deputy with IPSO. Pierce previously served as a full-time police officer with the Abbeville City

Police and the Arnaudville Police Department. At the time that Pierce applied for the position of Sheriff's Deputy with IPSO, he had approximately twelve years of experience as an emergency medical care provider and approximately four years of experience as a law enforcement officer. Additionally, at the time that Pierce applied for the position of Sheriff's Deputy with IPSO, he had held an EMS certification for twenty-five years. Pierce's expertise in emergency medical care has proved useful in his work as a law enforcement officer.

20. Pierce's HIV does not present a significant risk to the health or safety of himself or others in the performance of his duties as a Sheriff's Deputy.

**THE EFFECTS OF DEFENDANTS' UNLAWFUL EMPLOYMENT DECISION**

21. As a result of Defendants' rescission of their offer to employ Pierce as Sheriff's Deputy, Pierce experienced lost wages, emotional pain and suffering, stress, anxiety, loss of enjoyment of life, humiliation, inconvenience, and other monetary and dignitary harms

22. As a result of Defendants' rescission of their offer to employ Pierce as Sheriff's Deputy, Pierce was forced to find alternative employment.

23. After Defendants rescinded their offer to employ Pierce, he found a new job in Singapore. However, at the time Singapore barred individuals living with HIV from entry. Pierce thus sustained additional mental distress and anxiety because he was forced to conceal his HIV status, for fear of deportation, corporal punishment (e.g., caning) and other harms.

## PIERCE'S EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES

24. Defendants' conduct in rescinding Pierce's employment offer with IPSO based on Pierce's status as a person living with HIV is a violation of Pierce's rights under the ADA.

25. On October 15, 2012, Pierce filed a timely Charge of Discrimination with the U.S. Equal Opportunity Employment Commission ("EEOC") alleging that Defendants' rescission of Pierce's employment offer with IPSO constituted unlawful discrimination under federal law.

26. On February 19, 2016, the EEOC issued a Determination of Probable Cause to Mr. Pierce, stating that "[t]he evidence shows that [IPSO] received the results of [Pierce's] physical examination and more likely that not made the decision to rescind the job offer after becoming knowledgeable of [Pierce's] HIV diagnosis, in violation of the Americans with Disabilities Act Amendment's [sic] Act of 2008."

27. On July 26, 2017, the U.S. Department of Justice issued Pierce a Notice of Right to Sue letter. Pierce received the Notice letter on August 1, 2017. This suit is timely commenced within 90 days of Pierce's receipt of the Notice letter.

28. Pierce has exhausted all administrative remedies available to him. All conditions precedent to the institution of this suit have been fulfilled.

## CAUSE OF ACTION
### Count 1: Violation of the Americans with Disabilities Act
(42 U.S.C. § 12111 *et seq.*)

29. Pierce realleges and incorporates the allegations above as if fully set forth herein.

30. At all times relevant to this action, IPSO has continuously had at least fifteen (15) employees, thereby qualifying IPSO as a "covered entity" under Section 101(2) and (5) of the ADA. 42 U.S.C. § 12111(2), (5).

31. Pierce is an individual with a disability as defined in 42 U.S.C. § 12102(2)(B).

32. At all times relevant to this action, Pierce has been able to perform the essential functions and duties of Sheriff's Deputy, the position for which he applied with IPSO.

33. In accordance with 42 U.S.C. § 12122(d), Defendants made an offer of employment to Pierce conditioned only on successfully completing a medical examination. The Employee Examination Results report dated April 16, 2012, indicated Mr. Pierce's HIV-positive status, but otherwise that his physical findings were within normal limits with no significant abnormalities or medical findings.

34. When Defendants learned from the medical examination report that Pierce was HIV positive, they rescinded their offer to employ Pierce as a Sheriff's Deputy based on Pierce's status as a person living with HIV.

35. Defendants' decision to rescind their offer to employ Pierce as Sheriff's Deputy based on Pierce's status as a person living with HIV constitutes unlawful discrimination prohibited under 42 U.S.C. § 12112.

36. Pierce experienced lost wages, emotional pain and suffering, stress, anxiety, loss of enjoyment of life, humiliation, inconvenience, and other monetary and dignitary harms as a result of Defendants' actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Pierce respectfully requests that this Court:

A.     Order Defendants to reinstate Pierce to the position of Sheriff's Deputy with IPSO;

B.     Award Pierce appropriate lost wages, bonuses, benefits, and other compensation to which he would have been entitled but for Defendants' unlawful conduct;

C.     Award Pierce other affirmative relief necessary, including but not limited to front pay, to eradicate the effects of Defendants' disability-based discrimination;

D.     Award Pierce compensation for the nonpecuniary damages he suffered as a result of Defendants' unlawful discriminatory actions described above, including damages for emotional pain and suffering, anxiety, stress, loss of enjoyment of life, humiliation, and other dignitary harms;

E.     Enjoin and permanently restrain Defendants from categorically denying employment to all applicants who are HIV positive without any independent assessment as to whether their HIV status renders them incapable of performing their jobs;

F.   Order Defendants to institute and implement policies at IPSO that provide equal employment opportunities for all current and future employees living with HIV;

G.   Award Pierce costs and attorneys' fees;

H.   Award Pierce prejudgment interest on any damages and/or costs and attorneys' fees award;

I.   Provide such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pierce hereby demands a trial by jury for all issues in this case.

Date:  October 24, 2017                    Respectfully submitted,

*/s/ J. Dalton Courson*
J. Dalton Courson, La. Bar No. 28542
   dcourson@stonepigman.com
Annie G. McBride, La. Bar No. 36902
   amcbride@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana  70112
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

Kenneth D. Upton, Jr.*
 kupton@lambdalegal.com
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
3500 Oak Lawn Avenue, Suite 500
Dallas, Texas 75219
Telephone:  (214) 219-8585
Facsimile:  (214) 219-8585

Scott A. Schoettes*
 sschoettes@lambdalegal.com
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
105 W. Adams, Suite 2600
Chicago, IL 60603
Telephone:  (312) 663-4413
Facsimile:  (312) 663-4307

   * *pro hac vice* motions pending

COUNSEL FOR WILLIAM PIERCE, PLAINTIFF